UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

NICOLE LEE DUNN,

                    Plaintiff,

                                                 5:23-CV-0730
v.                                                 (GTS/TWD)

ONONDAGA CNTY. MED. EXAM'R'S OFF.; and
INVESTIGATOR MATTHEW KELLY, Forensics
Investigator,

                    Defendants.

_____

APPEARANCES:

NICOLE LEE DUNN
  Plaintiff, *Pro Se*
8418 Theodolite Drive, #722
Baldwinsville, New York 13027

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Nicole Lee Dunn

("Plaintiff") against the Onondaga County Medical Examiner's Office and forensics investigator

Matthew Kelly ("Defendants"), are (1) United States Magistrate Judge Thérèse Wiley Dancks'

Report-Recommendation recommending that Defendant Onondaga County Medical Examiner's

Office be terminated as a Defendant in this action, and that the remainder of Plaintiff's

Complaint be *sua sponte* dismissed with leave to amend for failure to state a claim pursuant to 28

U.S.C. § 1915, and (2) Plaintiff's Objection and Supplemental Objection to the Report-

Recommendation.  (Dkt. Nos. 4, 5, 6.)

Even when construed with the utmost of special lenience, neither Plaintiff's Objection

nor her Supplemental Objection asserts any specific challenge to the Report-Recommendation.

(*Compare* Dkt. Nos. 5 *and* 6 *with* Dkt. No. 4.)[1]  As a result, the Court needs to subject the

Report-Recommendation to only a clear-error review.[2]

      After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks'

thorough Report-Recommendation, the Court can find no clear error in the Report-

Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited

the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation

is accepted and adopted in its entirety for the reasons set forth therein.  (Dkt. No. 4.)  To those

reasons, the Court adds the following two points.

      First, rather than assert a specific challenge to the Report-Recommendation, Plaintiff's

---

[1]      When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a de novo review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]      When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order t accept the recommendation."  *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

purported "Objection" attempts to cure the pleading defects in her original Complaint that were identified in the Report-Recommendation.  (*Compare* Dkt. No. 5 *with* Dkt. No. 4.)  Out of special solicitude to Plaintiff as a *pro se* civil rights litigant, the Court will not treat her "Objection" as an Amended Complaint for two reasons: (1) she has not yet had the benefit of knowing whether the Report-Recommendation has been adopted and accepted by this Court;[3] and (2) any such Amended Complaint would be futile because it attempts to incorporate by reference portions of her original Complaint, which (as Magistrate Judge Dancks has advised Plaintiff) would be improper.[4]

Second, this is the second defective *pro se* civil rights Complaint that Plaintiff has pending before the undersigned (the first one having been filed in Action No. 23-CV-0663). Furthermore, at least two other *pro se* civil rights Complaint from Plaintiff appear to be awaiting review by other district judges in this District (both on Report-Recommendations identifying pleading defects).  *See* Action Nos. 23-CV-0662-AMN and 23-CV-0731-BKS.  Plaintiff is respectfully cautioned that she is fast becoming an abusive litigant and that, if her abusiveness continues, the undersigned would likely refer her to the Chief Judge of this District for consideration of whether to issue a Pre-Filing Order against her (barring her from filing actions or documents *pro se* without prior leave of the Court).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4) is

---

[3]     *Cf. Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("A plaintiff has no obligation to replead merely because the defendant has argued that the complaint is deficient, without knowing whether the court will agree.").

[4]     (Dkt. No. 4, at 7-8.)

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

ORDERED that the Clerks Office shall **TERMINATE** the Onondaga County Medical

Examiner's Office as a Defendant in this action; and it is further

ORDERED that the remainder of Plaintiff's Complaint (Dkt. No. 1) **SHALL BE** *sua*

*sponte* **DISMISSED** **with prejudice**, and without further Order of this Court, **UNLESS**, with

**THIRTY (30) DAYS** from the date of this Decision and Order, Plaintiff files an **AMENDED**

**COMPLAINT** that cures the pleading defects in her original Complaint that were identified in

the Report-Recommendation; and it is further

ORDERED that, should Plaintiff wish to file an Amended Complaint in this action, the

Amended Complaint must be a complete pleading that does not incorporate by reference any

portion of her original Complaint, and that supersedes and replaces that original Complaint in all

regards; and it is further

ORDERED that, should Plaintiff file an Amended Complaint, the Amended Complaint

shall be referred to Magistrate Judge Dancks for further review pursuant to 28 U.S.C. § 1915.

Dated:   February 7, 2024
            Syracuse, New York

Glenn T. Suddaby
U.S. District Judge