UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICOLE LEE DUNN,

                                                              Plaintiff,

                                                                                              5:23-cv-00730
v.                                                                                                (GTS/TWD)

ONONDAGA CNTY. MED. EXAM'R'S OFF.; and
MATTHEW R. KELLY, Investigator of Forensics,

                                                               Defendants.
_____

APPEARANCES:

NICOLE LEE DUNN
*Plaintiff, pro se*
8418 Theodolite Drive
#722
Baldwinsville, NY 13027

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

       The Clerk has sent to the Court for review an Amended Complaint submitted by *pro se* plaintiff Nicole Lee Dunn ("Plaintiff") against the Onondaga County Medical Examiner's Office and investigator of forensics Matthew R. Kelly. (Dkt. No. 16.) For the reasons stated below, the Court recommends Plaintiff's Amended Complaint be dismissed with prejudice and without leave to amend.

**I.    BACKGROUND**

       On June 16, 2023, Plaintiff filed a *pro se* civil rights Complaint, under 42 U.S.C. § 1983, together with an application for leave to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 2.) By Order and Report-Recommendation issued July 6, 2023, the undersigned granted Plaintiff's

IFP application, reviewed the sufficiency of the Complaint pursuant to 28 U.S.C. § 1915(e), and recommended that the Onondaga County Medical Examiner's Office be terminated as a Defendant in this action, and that the remainder of Plaintiff's Complaint be *sua sponte* dismissed with leave to amend.  (Dkt. No. 4.)  Thereafter, Plaintiff filed an Objection and Supplemental Objection.[1]  (Dkt. Nos. 5, 6.)

On February 7, 2024, the Hon. Glenn T. Suddaby, United States District Court Judge, issued a Decision and Order that accepted and adopted the Report-Recommendation in its entirety for the reasons set forth therein.  (Dkt. No. 13.)  The Onondaga County Medical Examiner's Office was terminated as a Defendant in this action and the remainder of Plaintiff's Complaint was conditionally dismissed with prejudice unless Plaintiff filed an Amended Complaint within 30 days that cured the pleading defects in her original Complaint that were identified in the Report-Recommendation.  *Id*. at 4.

On February 26, 2024, Plaintiff filed "Objections" to the Decision and Order, which was construed as a motion for reconsideration and denied.  (Dkt. Nos. 14, 15.)  Out of special solicitude to Plaintiff, the deadline to file an Amended Complaint was extended to March 11, 2024.  (Dkt. No. 15.)  Plaintiff availed herself of the opportunity to amend, and the Court received the Amended Complaint on March 12, 2024.[2]  (Dkt. No. 16.)

The ten-page handwritten Amended Complaint again names the Onondaga County Medical Examiner's Office and investigator of forensics Matthew R. Kelly as Defendants.  *Id*. at

---

[1] Plaintiff also filed three letter motions, construed as requesting an in-person hearing, clarification of a Text Order, and a case status update, all of which were addressed by the Court. (*See* Dkt. Nos. 7, 8, 9, 10, 11, 12.)

[2] In light of Plaintiff's *pro se* status, the Court recommends the Amended Complaint be accepted for filing even though it was submitted after the March 11, 2024, deadline.

1. The Amended Complaint is largely incoherent. Similar to the original Complaint, the Amended Complaint contains a series of rambling, repetitive, and disjointed allegations that present challenges to undertaking a sufficiency review. For example, the Amended Complaint states:

> On 02/02/2013 at the location of 7651 Morgan Road C-5 Liverpool, NY 13090 to incident of death of Salene Bennett, biological mother of I, N.L.D. *Pro Se* Plaintiff, Investigator Matthew R. Kelly spoke to I from perspective of his stated title of Forensic's Investigator at which time he acknowledged he conducted his duties on scene and spoke statements of my mother's lifestyle (daily life-past/present prior to death) at which time he stated "my mother's [body] going with them to ME's for an Autopsy."
>
> I, N.L.D, at this time had verbal and non-verbal communication of disagreement and no consent to proceed with an autopsy; non-verbal communication of disagreement and no consent to proceed with an autopsy; non-verbal to exact movement of my head to indicate "no" at time of verbal stated aloud "no."

*Id*. at 7.[3] Additionally, Plaintiff claims "Subsequent communication with Investigator Matthew R. Kelly occurred to various dates of day and time related and relevant to numerous topics of each isolated source and/or question of source exact to date 02/02/2013 and attempt to communicate with persons identified by title of position." *Id*. at 7-8.

Plaintiff appears to complain that the Defendants argue she is "in receipt of 'all she needs'" and that she should contact the "Onondaga County Department of Law" and not "their office" "directly." *Id*. at 9. Additionally, the "Onondaga County Department of Law" may have advised Plaintiff that the "ME's Office/Forensics cannot be mandated/advised etc. to afford me

---

[3] Excerpts from Plaintiff's Amended Complaint are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

an in person scheduled appointment to communicate the necessity of question to the prior released info., docs, evidence (not limited to)." *Id*. at 9-10.

The Amended Complaint indicates the

> relief sought/requested at this time is that to establish within Jurisdiction of civil and US constitutional right the defendants are liable to afford legal right to speak all related and relevant involvement of each that did and continues to hinder I, N.L.D, *Pro Se* Plaintiff who articulate via credible information, documentation (etc. not limited to) there is probable cause to illegal policies/processes derived from crime evident to further processes of appropriate policy is necessary.

*Id*. at 10.  The "basis" "is to receive the legal right to receive further information derived from question of info., docs, evidence (etc.) prior received." *Id*. at 5.

For a complete statement of Plaintiff's allegations and purported claims, reference is made to the Amended Complaint.

## II.    STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.").

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id*. It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

In reviewing a complaint, the Court has a duty to show liberality toward *pro se* litigants. *See Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990).

**III.    ANALYSIS**

Liberally construed, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured

by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). To establish liability under the statute, a plaintiff must plead that each government official defendant violated the Constitution through that official's own individual actions. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

Even liberally construed and affording Plaintiff's Amended Complaint the special solicitude due to *pro se* pleadings, the Amended Complaint does not cure the pleading defects in her original Complaint that were identified in the prior Report-Recommendation, is wholly lacking in discernable facts or claims, and fails to state a claim that is plausible on its face.

To that end, Plaintiff's Amended Complaint is clearly "a case[ ] in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). A complaint that fails to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Furthermore, Plaintiff has blatantly disregarded the Court's Order that "the Amended Complaint must be a complete pleading that does not incorporate by reference any portion of her original Complaint, and that supersedes and replaces that original Complaint in all regards" and

6

she continues to lodge objections to the Court's prior rulings. (Dkt. No. 13 at 4.) For example, the Amended Complaint states:

> In regard to initial <u>Order & Report-Recommendation</u> of US Magistrate TWD dated 07/06/2023 and in regard to <u>Decision and Order</u> of U.S. District Judge GTS dated 02/07/2024 and US District Judge GTS Docket Text/Text Order dated 02/29/2024 I, N.L.D. *Pro se* Plaintiff reiterate to the assigned Judges the accusation of written/electronic format to infer/imply I am "largely incomprehensible" applicable to all written documents I submit to Clerk's Office to file related and relevant to assigned case number is improper to perspective of truth per fact(s) that I bear burdens I should not via all appliable law(s) that cannot be referenced via "short and plain statement" [pg. 4 ¶ 2 TWD on 07/06/2023].

(Dkt. No. 16 at 1-2.) The Amended Complaint claims:

> Onondaga County Medical Examiner's Office, is liable as involved to an individual identity that comprises numerous offices (etc.) of individual identity that bears title to and of Onondaga County; ME's Office is not a "police department" nor is it exact to "administrative arm" to and of Onondaga County [pg 5 ¶ 2 TWD on 0706/2023]; therefore, they are liable to adhere to constitutional right(s) of U.S. and all applicable law(s) in regard to basis of initial complaint/claim [N.L.D. 06/16/2023] and related/relevant to all subsequent documents I, N.L.D., submitted to Clerk's Office; thus applicable to illegal policies/processes the ME's Office is liable to conduct per and par to the processes to collect/obtain, process, document, archive, release (etc., not limited to) and exact to conduct of their employees there is liability related and relevant to adhere to individual right(s) of I, N.L.D., in regard to the initial basis of complaint/claim to receive the additional/supplement of information I require per and par to the prior released information, documentation, and evidence [pg 5 ¶ 2 & ¶ 3 TWD on 07/06/2023].

*Id*. at 2-3.

For these reasons, and for the reasons set forth in the prior Report-Recommendation, the Court recommends dismissal of the Amended Complaint with prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

7

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."); *see also Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) ("When a plaintiff was aware 'of the deficiencies in his complaint when he first amended,' he 'clearly has no right to a second amendment[.]'") (quoting *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978)).

Here, because Plaintiff has already been given an opportunity to amend and the Amended Complaint fails to remedy the deficiencies previously identified in the prior Report-Recommendation, the undersigned has no doubt that any future attempts would be fruitless. Therefore, the Court recommends the dismissal of the Amended Complaint without leave to amend.

### IV.  CONCLUSION

**ACCORDINGLY,** it is hereby

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 16) be **ACCEPTED** for filing purposes only; and it is further

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 16) be **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has fourteen days within which to file

written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

**IT IS SO ORDERED.**

Dated: April 9, 2024
       Syracuse, New York

*Therèse Wiley Dancks*
United States Magistrate Judge

---

[4]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).