UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICOLE LEE DUNN,

                        Plaintiff,

v.

                        5:23-CV-0730
                        (GTS/TWD)

ONONDAGA COUNTY MEDICAL EXAMINER's
OFFICE, and MATTHEW KELLY, Investigator of
Forensics,

                        Defendants.
_____

APPEARANCES:

NICOLE LEE DUNN
  Plaintiff, *Pro Se*
8418 Theodolite Drive, #722
Baldwinsville, New York 13027

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Nicole Lee Dunn ("Plaintiff") against the Onondaga County Medical Examiner's Office and Matthew Kelly, a forensics investigator ("Defendants"), are United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Amended Complaint be dismissed, with prejudice and without prior leave to amend, for failure to state a claim, Plaintiff's Objection to the Report-Recommendation, and Plaintiff's Supplemental Objection. (Dkt. Nos. 18, 19, 20.)

      After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no error in the Report-Recommendation, clear or otherwise: Magistrate Judge Dancks employed the proper standards, accurately recited

the facts, and reasonably applied the law to those facts.  (*See generally* Dkt. No. 18.)  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.  To those reasons, the Court adds only two brief points.

First, out of special solicitude to Plaintiff as a pro se civil rights litigant, the Court will consider her Supplemental Objection to the Report-Recommendation, even though that Supplemental Objection was filed more than seven weeks after the deadline for objections.

Second, even when construed liberally, Plaintiff's Objection and Supplemental Objection fail to contain a *specific* challenge to a finding or conclusion contained in the Report-Recommendation.  (Dkt. Nos. 19, 20.)  As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review,[1] which they easily survive.  In the alternative, the Court finds that those portions of the Report-Recommendation survive a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 16) is **DISMISSED** with

---

[1] When no specific challenge is made to a magistrate judge's report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**prejudice and without prior leave to amend.**

**The Court certifies that an appeal from this Decision and Order would not be taken in good faith.**

Dated: June 25, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge